**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

BRANDON GRAVES,                           )
                                          )
        Plaintiff,                       )
                                          )
v.                                        )          **Case No. CIV-26-898-R**
                                          )
FNU LESTER, et al.,                       )
                                          )
        Defendants.                      )

**REPORT AND RECOMMENDATION**

Plaintiff Brandon Graves, a detainee at the Oklahoma County Detention Center proceeding pro se, brings this action to allege violations of his civil rights. United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). For the reasons set forth below, the undersigned recommends that the Court dismiss the action without prejudice.

## I.    Background

On May 8, 2026, the Court explained to Plaintiff that he needed to cure various deficiencies in his initiating documents. Doc. 4. Specifically:

1. The Court informed Plaintiff that his complaint, Doc. 1, did not provide proper notice to the named defendants or otherwise comply with Federal Rule of Civil Procedure 8, and ordered Plaintiff to file an amended complaint.

2. The Court informed Plaintiff that he must either pay a filing fee of $405.00 or seek leave to proceed in forma pauperis, and ordered Plaintiff to either pay the filing fee or file an application to proceed in forma pauperis.

*Id*. (citing Fed. R. Civ. P. 8, LCvR3.2(b))

The Court ordered Plaintiff to cure the deficiencies not later than May 29, 2026, and warned that failure to do so may result in dismissal of this action. *Id.* at 3. Staff notes on the Court's ECF docket indicate the Clerk of Court mailed the Order and the appropriate forms to Plaintiff at his last known address. *See* LCvR5.4 (stating that documents mailed by the Court are "deemed delivered if sent to the last known address given to the court"). The Postmaster has returned no mailed documents back to the Court as undeliverable.

However, the case docket indicates that, as of this date, Plaintiff has failed to comply with the Order, as he has not (1) filed an amended complaint or (2) either paid the filing fee or filed an application to proceed in forma pauperis. Nor has he attempted to show good cause for his failure to comply or requested an extension of time in which to comply.

## II.    <u>Failure to Comply with Orders and Rules</u>

A court has the inherent authority to manage its own affairs and may dismiss an action if the plaintiff "fails to prosecute or to comply with [the rules of civil procedure] or a court order," Fed. R. Civ. P. 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (interpreting Rule 41(b) to permit courts to dismiss actions sua sponte). A litigant's failure to comply with court orders leaves a court unable "to achieve the orderly and expeditious disposition of cases." *Id.* And Plaintiff's pro se status does not exempt him from "follow[ing] the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citation modified).

Plaintiff failed to comply with the Court's Order and rules, as well as the Federal Rules of Civil Procedure. These failures, combined with the Court's inherent power to manage judicial resources, warrant dismissal of this action without prejudice. *See U.S. ex*

*rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("Dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." (citation modified)).

### III.    <u>Recommendation and Notice of Right to Object</u>

For the foregoing reasons, the undersigned recommends that the Court **DISMISS the action without prejudice**.  Plaintiff is advised of his right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed with the Clerk of Court not later than July 1, 2026.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 10th day of June, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

3